Rickey MOORE, Plaintiff–Appellant,

v.

Gelnn S. GOORD, Commissioner of Docs; Donald Selsky, Director of Shu; Floyd Bennett, Superintendent Southport Corr. Facility; John Burge, Supt.; Robert Guzman, D.S.P.; George Merton, Lieutenant; Sgt. Santiago; Frederick Abare, Sgt.; Charles Blood, C.O.S.; David Conlon; Frank Deluke; Gary Maille; Eugene Petteys; David Wilson; Edward Pritch-

ard; Dwayne Stevens; Christopher Stipano; Robert W. Wilson; J. Huntely; Scheepsma; William Taylor, Defendants–Appellees.

Docket No. 03–244.

United States Court of Appeals, Second Circuit.

July 19, 2005.

Rickey Moore, Raybrook, NY, for Appellant, pro se.

Nancy A. Spiegel, Senior Assistant Solicitor General, Victor Paladino, Assistant Solicitor General, Elliot Spitzer, Attorney General, Albany, NY, for Appellees.

PRESENT: JACOBS, SACK, and RAGGI, Circuit Judges.

*SUMMARY ORDER*

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment be AFFIRMED.

Plaintiff-appellant Rickey Moore, *pro se,* appeals from a judgment entered on August 15, 2003 by the United States District Court for the Northern District of New York (Strom, *J.*). The district court dismissed Moore's 42 U.S.C. § 1983 action in part on summary judgment, in part on a motion for judgment as a matter of law following the close of Moore's case at trial, and in remaining part (the remaining excessive force claim) after a jury verdict in favor of defendants. We assume familiarity with the facts, the procedural context, and the issues on appeal.

Moore argues that the jury verdict was against the weight of the evidence. Moore failed to make a pre-verdict motion for judgment as a matter of law under Rule 50(a), and he also never filed a post-verdict motion for judgment as a matter of law under Rule 50(b). (Moore was represented by counsel at trial.) As a result,

this court reviews the jury's verdict for manifest injustice. *See Jacques v. DiMarzio, Inc.,* 386 F.3d 192, 199 (2d Cir.2004). Moore fails to make this showing, as the jury's verdict found ample support in the evidence at trial. *See Taylor v. Brentwood Union Free Sch. Dist.,* 143 F.3d 679, 685 (2d Cir.1998).

■ Moore next contends that the district court erred by failing to give the jury a missing witness instruction. It is unclear whether Moore argues for this instruction as to William Taylor or Dwight Jones. Taylor was a defendant who did not appear (and was never called as a witness); Jones was an inmate who Moore sought to have testify and for whom a writ of habeas corpus ad testificandum was issued, but who did not appear apparently due to confusion as to which inmate Moore sought to call. A trial court may, in its discretion, give a missing witness charge "when a party has it peculiarly within its power" to call a relevant witness but does not do so. *Sagendorf–Teal v. County of Rensselaer,* 100 F.3d 270, 275 (2d Cir.1996) (internal quotation omitted). Because Moore made no timely objection to the jury instruction, his challenge is reviewed for plain error, Fed.R.Civ.P. 51(a), (c) and (d)(2), and does not survive because Moore fails to show why he was entitled to such an instruction or how he was prejudiced in any way by its omission.

■ The remaining issues presented by Moore on appeal are also without merit, and in any event were waived as Moore failed to raise them below. *See Singleton v. Wulff,* 428 U.S. 106, 120–21, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976); *Anthony v. City of New York,* 339 F.3d 129, 137 n. 3 (2d Cir.2003).

The judgment is hereby AFFIRMED.